UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

VICENTE RODRIGUEZ ORTIZ, II,

        Petitioner,

        Case No. 2:22-cv-238

v.

        Hon. Hala Y. Jarbou

JAMES CORRIGAN,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition for failure to raise a meritorious federal claim. The Court will also deny Petitioner's motion for stay. (ECF No. 8.)

**Discussion**

I. **Factual allegations**

Petitioner Vicente Rodriguez Ortiz is incarcerated with the Michigan Department of Corrections at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. On February 28, 2019, following a four-day jury trial in the Kent County Circuit Court, Petitioner was convicted of first-degree murder, in violation of Mich. Comp. Laws § 750.316, assault with a dangerous weapon, in violation of Mich. Comp. Laws § 750.82, and use of a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b. On April 23, 2019, the court sentenced Petitioner to life imprisonment for the murder conviction, 2 years' imprisonment for the felony-firearm conviction, and 2 to 4 years' imprisonment for the assault conviction.

The Michigan Court of Appeals described the facts underlying Petitioner's convictions as follows:

> Christina Sistos, defendant's ex-girlfriend and the victim's best friend, testified that defendant was her boyfriend and that they dated for "three or four years." Her relationship leading up to January 23 was "rocky" and "was on and off a lot." Sistos testified that she and defendant ended the relationship at "5:00, 6:00" p.m. on the evening of the victim's death. According to Sistos, defendant was very jealous of men with whom she was friends.
>
> Testimony established that Sistos was outside her house in the victim's car with the victim and two other friends when defendant walked past the car and looked inside. Shortly thereafter, defendant came back to the car, opened the front passenger door where Sistos was seated, and pulled Sistos out of the car. The two walked away from the car and an argument ensued. One of Sistos's friends exited the car to aid Sistos and pulled her away from defendant. Sistos and her friend went back to the victim's car while defendant left the scene to return home. The four friends went inside Sistos's house to tell her mother what happened. Meanwhile, defendant was retrieving his gun from his home. Approximately 20 to 30 minutes elapsed since Sistos, the victim, and the two friends entered Sistos's house.
>
> The victim then stated that he had to leave, which prompted Sistos and the other friend to exit toward the victim's car to gather their things. The victim stayed inside to grab some food while the two gathered their items. Sistos testified that, when she

> got to the victim's car, defendant ran up behind her and pointed the gun at her head. Defendant then ran off, which allowed Sistos and the other friend to enter the victim's car. A couple minutes later, the victim came outside and entered his car. According to testimony, Sistos was telling the victim to hurry, and the victim began to fumble his keys. While the victim fumbled his keys, defendant approached the driver's-side window and proceeded to shoot three shots: one into the victim's chest, one into the victim's neck, and one into the victim's head. Defendant was arrested the next day, and in a recorded interview with police, he admitted to shooting the victim.

*People v. Ortiz*, No. 348947, 2020 WL 7414658, at *1 (Mich. Ct. App. Dec. 17, 2020) (footnotes omitted). "The facts as recited by the Michigan Court of Appeals are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1)." *Shimel v. Warren*, 838 F.3d 685, 688 (6th Cir. 2016) (footnote omitted). The habeas grounds raised by Petitioner do not call into question the court of appeals' factual recitation.

Petitioner, with the assistance of counsel, raised four issues on his direct appeal: (1) the trial court erred by denying Petitioner's motion for directed verdict because the prosecutor had failed to present sufficient evidence of premeditation; (2) trial counsel rendered ineffective assistance for failing to attempt to exclude the video interrogation of Petitioner; (3) the prosecutor engaged in prosecutorial misconduct when he distorted the reasonable person standard; and (4) the trial court abused its discretion when it admitted a photograph of the crime scene. *Ortiz*, 2020 WL 7414658 at *2, 3, 5; (*see also* Am. Pet., ECF No. 7, PageID.21.) After the court of appeals affirmed Petitioner's convictions, Petitioner filed a *pro per* application for leave to appeal to the Michigan Supreme Court, raising only one issue—the ineffective assistance of counsel claim. (Am. Pet., ECF No. 7, PageID.21.) The Michigan Supreme Court denied leave by order entered October 6, 2021. *People v. Ortiz*, 964 N.W.2d 573 (Mich. 2021).

On December 28, 2022, Petitioner commenced this proceeding by filing a document titled, "motion to stay proceedings and hold petition in abeyance." (ECF No. 1.) Petitioner, by way of his submission, informed the Court that he wanted to commence a habeas proceeding and then

3

immediately stay it so that he might exhaust his state court remedies with respect to new habeas claims. The Court docketed Petitioner's motion as a petition for writ of habeas corpus to ensure that Petitioner did not further jeopardize the timeliness of his request for habeas relief. Indeed, Petitioner's period of limitation expired a week after he filed his motion.[1]

The Court directed Petitioner to file an amended petition on the Court-approved form raising all of the grounds for relief that Petitioner intended to raise. On January 30, 2023, Petitioner filed an amended petition raising four grounds for relief, as follows:

> I. Defendant's 14th amendment right to due process was violated when the court of appeals held that the prosecution presented sufficient evidence to support Petitioner's conviction of first-degree murder [because] . . . no rational trier of fact could have found that the essential elements of Petitioner's conviction of first-degree murder under MCL 750.316(1)(c)[—i.e., murder of a peace officer—]were proven beyond a reasonable doubt.
>
> II. Petitioner's 6th amendment United States constitutional right to effective assistance of counsel was violated when trial counsel provided ineffective assistance [by arguing] . . . that the facts of Petitioner's case did not rise to the level of first-degree premeditated murder [when] Petitioner was charged under the theory of first-degree murder of a peace officer or corrections officer . . . which contain[s] a different set of elements.
>
> III. Petitioner's 6th amendment right under the United States Constitution was violated when appellate counsel provided ineffective assistance . . . when appellate counsel argued that there were no circumstances from which it could be inferred that Petitioner premeditated the killing . . . because Petitioner was convicted under the theory of first-degree murder of a peace

---

[1] Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on October 6, 2021. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on January 4, 2022. Accordingly, absent tolling, Petitioner would have one year, until January 4, 2023, in which to file his habeas petition.

> officer or corrections officer under MCL 750.316(1)(c) which consists of a different set of elements.
>
> IV. Petitioner's right to due process under the 14th amendment of the United States Constitution was violated when the Petitioner was insufficiently informed of the accusation against him . . . when Petitioner was charged with open murder under a theory of the killing of a peace officer but the proofs at trial showed a killing under a theory of premeditated murder . . . .

(Am. Pet., ECF No.7, PageID.24–29.) Petitioner's four habeas grounds depend on Petitioner's contention that he was charged with first-degree murder under Mich. Comp. Laws § 750.316(1)(c), which provides that the murder of a peace officer while the officer is performing his or her duties, where the perpetrator knows that the peace officer is performing his or her duties, is first-degree murder. The evidence, arguments, and instructions at trial, however, were directed to establishing whether Petitioner had committed first-degree murder under Mich. Comp. Laws § 750.316(1)(a), which provides that premeditated killing is first-degree murder.

## II.     Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *O'Sullivan*, 526 U.S. at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion

5

issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner acknowledges that he has not presented any of these issues to the state courts. Although that failure to exhaust precludes granting habeas relief, the failure to exhaust does not preclude denying relief. 28 U.S.C. § 2254(b)(2) (stating "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

**III.    AEDPA standard**

The AEDPA "prevent[s] federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693–94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). "Under these rules, [a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Stermer v. Warren*, 959 F.3d 704, 721 (6th Cir. 2020) (internal quotation marks omitted) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation marks omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is

6

presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001). This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546–547 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

"[I]f the petitioner's claim was never 'adjudicated on the merits' by a state court, 28 U.S.C. § 2254(d), AEDPA deference no longer applies." *Stermer*, 959 F.3d at 721. Then, the petitioner's claim is reviewed *de novo*. *Id.* (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)). Petitioner never presented his habeas grounds to the state courts; therefore, the claims were never adjudicated by the state court and this Court's review is *de novo*.

### IV.     Petitioner's Charge

The Kent County Circuit Court Register of Actions describes Petitioner's charge as "HOMICIDE - OPEN MURDER - STATUTORY SHORT FORM" and lists, under the heading PACC, the designation "750.316-C." *People v. Ortiz*, No. 18-05090-FC (Kent Cnty. Cir. Ct.) Register of Actions, available at https://www.accesskent.com/CNSearch/appStart.action (under "Criminal Case Search" heading, input First Name "Vicente," Last Name "Ortiz," Year of Birth "1995," complete reCAPTCHA, select "Search Criminal Cases," select Case Number 18-05090-FC) (last visited Feb. 20, 2023). "PACC" stands for "Prosecuting Attorneys Coordinating Council." *See, e.g.*, *People v. Smith*, No. 325983, 2016 WL 1612786, at *1 (Mich. Ct. App. Apr. 21, 2016).

The PACC is a Michigan statutory creation. Mich. Comp. Laws § 49.103(1) ("The office of prosecuting attorneys coordination is created as an autonomous entity in the department of the attorney general."). The council is charged with keeping prosecuting attorneys of the state

7

"informed of all changes in legislation, law and matters pertaining to their office, to the end that a uniform system of conduct, duty and procedure is established in each county of the state." Mich. Comp. Laws § 49.109. One of the ways that the PACC encourages uniformity is through the Warrant Manual which matches each of the thousands of misdemeanor and felony charges identified in the Michigan statutes to a code—the PACC code. There is a relationship between the Michigan Penal Code section number and the PACC code. For example, the PACC code for a charge of first-degree premeditated murder, Mich. Comp. Laws § 750.316(1)(a), is 750.316-A; and the PACC code for a charge of first-degree felony murder, Mich. Comp. Laws § 750.316(1)(b), is 750.316-B. But the PACC code for a charge of first-degree murder of a peace officer, Mich. Comp. Laws § 750.316(1)(c), *is not* 750.316-C, it *is* 750.316-D.

The PACC Code 750.316-C reflects a charge of open murder. Such a charge is authorized by Mich. Comp. Laws § 767.44. When a defendant is charged with open murder, the prosecutor does not designate that he or she is charging first-degree or second-degree murder. Instead, that determination is made by the jury and must be designated in the jury's verdict. Mich. Comp. Laws § 750.318.

It is apparent that Petitioner bases his contention that he was charged with the murder of a peace officer under Mich. Comp. Laws § 750.316(1)(c) on the PACC designation "750.316-C." He is not the first defendant to make that error. The Michigan Court of Appeals recently debunked the same argument:

> Defendant's argument appears to be based on his erroneous interpretation of a citation to "750.316-C" in certain documents as referring to MCL 750.316(1)(c). In the felony information, the Prosecuting Attorneys Coordinating Council (PACC) code "750.316-C" is noted in brackets after "Sec. 750.316; M.S.A. 28.548." The judgment of sentence similarly shows the PACC code of "750.316-C" under the heading "MCL citation/PACC Code." According to the PACC's Warrant Manual, "750.316-C" is the code used to refer to a charge of open murder; it does not refer to MCL 750.316(1)(c). Rather, "750.316-D" is the code used to refer to a charge

> under MCL 750.316(1)(c). Defendant apparently confuses the PACC codes with the MCL citations. In any event, as explained, the information clearly provided defendant with adequate notice of the charges against him.

*People v. Jackson*, No. 348678, 2020 WL 6230376, at *5 n.2 (Mich. Ct. App. Oct. 22, 2020), *leave to appeal denied*, 957 N.W.2d 786 (Mich. 2021).[2]

Because Petitioner's arguments regarding the sufficiency of the evidence, ineffective assistance of trial and appellate counsel, and inadequate notice, all hinge on his erroneous premise that he was actually charged with murdering a peace officer, they necessarily fail. Petitioner has not demonstrated any of the constitutional violations he alleges; therefore, he is not entitled to habeas relief.

**V.     Motion to Stay**

Petitioner has filed a motion to stay so that he might return to the state courts and exhaust the issues he raises in his amended petition. (ECF No. 8.) In *Rhines v. Weber*, 544 U.S. 269 (2007), the Supreme Court identified several requirements that must be met before such a stay is granted. One of the *Rhines* requirements is that the unexhausted claims are not "plainly meritless." *Id*. at 278. Because the Court concludes that Petitioner's unexhausted claims are plainly meritless, and properly resolved by this Court even though they are unexhausted, Petitioner's motion to stay will be denied.

---

[2] Michigan appellate decisions reflect many instances of confusion between the PACC code and the statutory section for particular crimes. *See Smith*, 2016 WL 1612786; *People v. Kuchciak*, 651 N.W.2d 67 (Mich. 2002); *People v. Stephens*, No. 246723, 2004 WL 1335976 (Mich. Ct. App. Jun. 15, 2004); *People v. George*, No. 264765, 2007 WL 486716 (Mich. Ct. App. Feb. 15, 2007); *People v. Bennett*, No. 305730, 2012 WL 6604706 (Mich. Ct. App. Dec. 18, 2012); *People v. Mitchell*, No. 308577, 2013 WL 6670818 (Mich. Ct. App. Dec. 17, 2013); *People v. Hicks*, No. 310648, 2014 WL1719866 (Mich. Ct. App. Apr. 29, 2014); *People v. Warner*, Nos. 311034, 311215, 315252, 2014 WL 2553303 (Mich. Ct. App. Jun. 3, 2014); *In re Jackson*, No. 331632, 2017 WL 3721994 (Mich. Ct. App. Aug. 29, 2017); *People v. Henry*, No. 346269, 2020 WL 1286260 (Mich. Ct. App. Mar. 17, 2020); *People v. Soring*, No. 348870, 2020 WL 7310688 (Mich. Ct. App. Dec. 10, 2020).

### VI.     Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, for the same reasons that the Court concludes that Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court also determines that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter a judgment dismissing the petition and an order denying a stay and a certificate of appealability.

Dated: February 21, 2023          /s/ Hala Y. Jarbou
                                  HALA Y. JARBOU
                                  CHIEF UNITED STATES DISTRICT JUDGE